IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

MAX WRIGHT                                                                                    PLAINTIFF

v.                        Civil No. 1:16-cv-01058

SERGEANT BEN OPELT, Camden
Police Department; LIEUTENANT
GILBERT, Camden Police Department;
And OFFICER PLYLER, Camden
Police Department                                                                         DEFENDANTS

## REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Plaintiff, Max Wright, filed this action pursuant to 42 U.S.C. § 1983. Plaintiff proceeds *pro se* and *in forma pauperis*. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2014), the Honorable Susan O. Hickey, United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

The case is before me on Defendants' Motion to Dismiss. ECF No. 19. Plaintiff has not responded to the Motion to Dismiss. The Motion is ready for decision.

### BACKGROUND

Plaintiff originally filed this case *pro se* on April 20, 2016 in the Eastern District of Arkansas. ECF No. 2. On June 22, 2016 the case was transferred to the Western District of Arkansas. ECF No. 6. Defendants filed their Answer on August 1, 2016. ECF No. 13.

Defendants state on August 2, 2016 they sent discovery requests and a Motion for Leave of Court to Depose Plaintiff to the address of record for Plaintiff - Arkansas Department of Correction ("ADC"), Grimes Unit, 300 Corrections Drive, Newport, Arkansas 72112. ECF No. 19. Defendants assert this mail was signed and received by Donna Jones and Amanda Barnett on separate occasions at the Grimes Unit and forwarded to the following address for Plaintiff – c/o

Dennis Green, 88 Siebert St., Texarkana 71854.  All of Defendants mail forwarded to this address was returned to Defendants as "Return to Sender, Unclaimed, Unable to Forward." ECF No. 19. On September 13, 2016 Defendants filed a Notice of Returned Mail informing the Court Plaintiff did not receive service of the discovery requests or the Motion for Leave to Depose Plaintiff.

Defendants filed their Motion to Dismiss (ECF No. 19) on October 5, 2016.  On October 12, 2016 I entered an order directing Plaintiff to show cause as to why he failed to inform the Court of his current address.[1] ECF No. 20. Plaintiff was given until October 26, 2016 to respond and was advised failure to comply with the Order would result in the Complaint becoming subject to dismissal.  Plaintiff did not respond to the Court's Order.

## APPLICABLE LAW

Defendants have moved to dismiss based on Plaintiff's failure to comply with Local Rule 5.5 (c)(2).  This rule makes clear it is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his address, to monitor the progress of the case, and to prosecute or defend the action diligently.  In addition, Rule 5.5 (c)(2) provides if any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice.

While *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). The Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.,* 370 U.S. 626, 630–31 (1962) (the district court possesses the power to

---

[1] The clerk was directed to send a copy of the Order (ECF No.20) to Plaintiff at the following addresses: 1) Max Wright ADC #116438, Grimes Unit – Arkansas Department of Correction, 300 Corrections Drive, Newport, AR 72112; and 2) Max Wright c/o Dennis Green, 88 Siebert St., Texarkana, AR 71854.

2

dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order". *Brown v. Frey,* 806 F.2d 801, 803–04 (8th Cir. 1986) (quoting *Haley v. Kansas City Star,* 761 F.2d 489, 491 (8th Cir. 1985)) (emphasis added).

## DISCUSSION

Plaintiff has failed to keep the Court and Defendants informed of his current address. As a result, Counsel for Defendants has been unable to communicate with or serve Plaintiff with discovery. In addition, Plaintiff has failed to respond to this Court's Order to show cause. Accordingly, Plaintiff's Complaint should be dismissed without prejudice. *See* Fed. R. Civ. P. 41(b) and Local Rule 5.5 (c)(2).

## CONCLUSION

For the reasons stated, I recommend Defendants' Motion to Dismiss (ECF No. 19) be **GRANTED.** All claims against Defendants Ben Opelt, Glenn Gilbert and Jimmy Plyler should be dismissed without prejudice.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636 (b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED this 31st day of October, 2016.**

                                          /s/ Barry A. Bryant
                                          HON. BARRY A. BRYANT
                                          UNITED STATES MAGISTRATE JUDGE